IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ADRIAN CHEVIS | § | |
| | § | |
| VS. | § | CIVIL NO.4:11-CV-201-Y |
| | § | (Criminal No.4:08-CR-098-Y(34)) |
| UNITED STATES OF AMERICA | § | |

ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255
AND ORDER DENYING CERTIFICATE OF APPEALABILITY

Now pending before the Court is defendant Adrian Chevis's motion for relief under 28 U.S.C. § 2255 along with a memorandum in support. The government filed a response to the motion, and Chevis then re-submitted his memorandum in reply.[1] After careful consideration and review of defendant Adrian Chevis's motion under § 2255 and memorandum in support, the government's response, the file and record of this case, and the applicable law, the Court concludes that Chevis's § 2255 motion must be denied for the reasons stated by the government and as set forth here.

Chevis seeks relief under 28 U.S.C. § 2255 on the grounds that: (1) the Court erred in failing to group the three counts of conviction for unlawful use of a communication facility under § 3D1.2 of the United States Sentencing Guidelines; (2) the Court imposed an unreasonable sentence; and (3) he received ineffective assistance of counsel when counsel (a) negotiated a plea agreement wherein Chevis "unknowingly" waived his right to appeal, and (b) by failing to object when the Court sentenced him to three consecutive sentences.

---

[1] Although the document filed by Chevis on September 9, 2011, is entitled "Motion in Rebuttal to the Government's Memorandum of Law in Support of Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," it is actually the exact same document as the memorandum Chevis filed with filing of the § 2255 motion.

*Ineffective Assistance Regarding Plea Agreement*

Because it relates to the validity of the wavier of his rights to appeal, the Court considers first Chevis's claim that counsel was ineffective because he allowed Chevis to sign a plea agreement in which the waiver of appeal was not knowing and voluntary. Chevis entered a plea agreement whereby he agreed to a plea of guilty to three counts (Counts 45, 50, and 55) of the superseding indictment charging violations of 21 U.S.C. § 843(b) and (d)--unlawful use of a communications facility. Chevis then pleaded guilty at the rearraignment proceeding.

Because a guilty plea relinquishes rights of the defendant, "the Constitution insists, among other things, that the defendant enter a guilty plea that is 'voluntary' and that the defendant must make related waivers 'knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences.'"[2] Ordinarily, a waiver is entered knowingly, intelligently, and with sufficient awareness, when "the defendant fully understands the nature of the right and how it would likely apply in general in the circumstances--even though the defendant may not know the specific detailed consequences of invoking it."[3] With "respect to a defendant's awareness of relevant circumstances, [the Constitution] does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of

---

[2] *United States v. Ruiz*, 536 U.S. 622, 629 (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).

[3] *Id.* at 630.

2

various constitutional rights, despite various forms of misapprehension under which a defendant might labor."[4] Ordinarily, "a defendant will not be heard to refute his testimony given under oath when pleading guilty."[5] "Solemn declarations in open court carry a strong presumption of verity," and the "representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings."[6] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight."[7]

Chevis's claim that his entrance into a plea agreement containing a waiver of appellate rights was not knowing and voluntary is directly refuted by his testimony and the documents he signed. Both Chevis and his counsel signed the plea agreement and the factual resume. (Criminal doc. 504 and 505). The plea agreement included an express declaration that the "plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement." (Plea Agreement at 4, ¶ 9.) Chevis expressly waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses in his defense, and against self

---

[4] *Id.*

[5] *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)(quoting *United States v. Sanderson,* 595 F.2d 1021, 1022 (5th Cir. 1979)).

[6] *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

[7] *See United States v. Abreo,* 30 F.3d 29, 32 (5th Cir. 1994).

3

incrimination. (Plea Agreement at 1, ¶ 1.) He also agreed that "[t]here have been no guarantees or promises from anyone as to what sentence the Court will impose." (Plea Agreement at 4, ¶ 9.) The plea agreement included a paragraph in which Chevis waived many of his rights to appeal or otherwise challenge his sentence. (Plea Agreement at 4, ¶ 10.) Chevis signed the plea agreement in two places, once to the terms of the document itself, and also separately to the statement "I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it." (Plea Agreement at 5.) Chevis also signed the factual resume, which recites that he could be subject to penalties including imprisonment for twelve (12) years. (Factual Resume at 1.)

    At the rearraignment hearing, Chevis admitted that he committed each of the essential elements of the offenses to which he pleaded guilty. (April 8, 2009 Rearraignment Transcript at 29.) He testified that he entered the plea agreement voluntarily, of his own free will, and without any other promises or assurances. (April 8, 2009 Tr. at 32.) Chevis also testified that he had discussed the case and the charges with his attorney, and "[was] completely satisfied with the representation and advice" given by his attorney. (April 8, 2009 Tr. at 29-30.) After the prosecutor noted that he was subject to an imprisonment penalty of a term of 12 years--four years on each count-- Chevis acknowledged that he was subject to such a penalty range. (April 8, 2009 Tr. at 39.) The magistrate judge expressly advised

4

Chevis that his plea agreement included a waiver of the rights to appeal or otherwise challenge his judgment of conviction or sentence, and asked Chevis if he understood "that as a part of your agreement, you are waiving those rights of appeal and other rights as set out in that written plea agreement." (April 8, 2009 Tr. at 33.) Chevis responded that he understood. (April 8, 2009, Tr. at 33.) The Court accepted Chevis's guilty plea, and determined that it was a "knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offenses charged."(April 8, 2009 Oct. Tr. at 45.)

After review of this record, Chevis has not made any showing that counsel was deficient with regard to his entry of the plea agreement and waiver of his right to appeal, or that his plea and waiver of appeal rights was not knowing and voluntary. Chevis fails to show why the Court should not afford "great evidentiary weight" to the documents he agreed to, and afford the "strong presumption of verity" to the prior sworn testimony that he understood the waiver of his rights to appeal and otherwise challenge his sentence and entered his guilty plea knowingly and voluntarily. Chevis's allegation that he did not knowingly sign the waiver does not overcome the strong presumption that must be afforded to his prior testimony. Thus, the Court concludes that Chevis's first ineffective assistance ground for relief--that, because of counsel's ineffectiveness, his plea and waiver of right to appeal or collaterally challenge his sentence was not knowingly and voluntarily entered--must be denied.

*Waiver*

The government argues that Chevis's first two grounds for relief are barred by the effect of the waiver signed and agreed to by Chevis. Chevis's plea agreement included the following express waiver of certain rights to appeal and to assert a collateral challenge:

> Defendant waives his rights, conferred by 28 U.S.C. 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

(Plea Agreement at 4, ¶ 10.) The Court of Appeals for the Fifth Circuit has held that "an informed and voluntary waiver of post-conviction relief is effective to bar such relief."[8] As the Court has determined that Chevis understood the terms of the plea agreement and this waiver provision, and knowingly and voluntarily entered into it, the Court concludes that the waiver of rights was informed and voluntary and is valid and enforceable.[9] The waiver bars Chevis from pursuing in this proceeding his first two grounds for relief challenging the Court's failure to group his counts of conviction and alleging that his sentence was unreasonable.

*Remaining Ineffective Assistance Ground*

The waiver language at issue expressly excludes claims of ineffective assistance of counsel. The now-familiar two-pronged

---

[8] *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994).

[9] Attached to Marquez's reply is an Ethics Advisory Committee Opinion from the National Association of Criminal Defense Lawyers. That opinion, involving not allowing a client to waive ineffective assistance of counsel claims, has nothing to do with this case, as Marquez did not waive such claims.

standard for review of ineffective-assistance-of-counsel claims was set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.[10]

The burden is upon the defendant to show that his counsel's representation fell below an objective standard of reasonableness by identifying acts or omissions of counsel "that are alleged not to have been the result of reasonable professional judgment."[11] A district court then determines whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[12]  There is a strong presumption that the performance of counsel falls within this range.[13] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable

---

[10]*Strickland,* 466 U.S. at 687.

[11]*Id.* at 690.

[12]*Id.*

[13]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[14]

The Court has reviewed Chevis's remaining claim of ineffective assistance of counsel, and concludes that he has not shown that counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the proceeding would have been different, for the reasons stated in the government's response at pages 9-10.

For all of the foregoing reasons, Adrian Chevis's motion for relief under 28 U.S.C. § 2255 is DENIED.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[15] Rule 11 of the Rules Governing Section 2255 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[16] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[17] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the

---

[14] *Strickland,* at 694 (general discussion at pp. 691-695).

[15] *See* Fed. R. App. P. 22(b).

[16] Rules Governing Section 2255 Proceedings in the United States District Courts, Rule 11(a) (December 1, 2010).

[17] 28 U.S.C.A. § 2253(c)(2)(West 2006).

8

issues presented are adequate to deserve encouragement to proceed further."[18]

Upon review and consideration of the record in the above-referenced case as to whether movant Chevis has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in this order.[19]

Therefore, a certificate of appealability should not issue.

SIGNED November 15, 2011.

*[signature]*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[18]*Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

[19]*See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).

9